# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-33-BJD-JBT

KAHLAF ABDUL WILLIAMS  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

  ☒ FACTORS CONSIDERED

Defendant Khalaf[1] Abdul Williams is a 43-year-old inmate incarcerated at Jesup FCI, serving a 51-month term of imprisonment for possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. (Doc. 31, Judgment). According to the Bureau of Prisons (BOP), he is

---

[1]  Defendant's first name is spelled "Kahlaf" in the case caption, but he spells his name "Khalaf" in the instant Motion. The Court uses "Khalaf" for purposes of this Order.

scheduled to be released from prison on November 25, 2022. Williams seeks compassionate release because of the Covid-19 pandemic and because he is obese, and because he has a 4-year-old son in foster care. (Doc. 42, Motion for Compassionate Release).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role,

2

and its extensive and professional efforts to curtail the virus's spread." <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

Williams has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Starting with Covid-19, the Centers for Disease Control (CDC) report that obesity can make a person more likely to get severely ill from Covid-19.[2] However, Williams has not submitted any evidence that he suffers from obesity. The lack of evidence matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief. According to the Presentence Investigation Report (PSR) from September 2019, Williams was 5'9" tall and weighed 150 pounds, reflecting a body mass index (BMI) of 22.1 – well short of obese. (Doc. 26, PSR at ¶ 84).[3] Williams would have had to gain more than 50 pounds since then to qualify as obese (i.e., to have a BMI of 30 or greater), but he has submitted no evidence to that effect.

Even if Williams is obese, he neither alleges nor provides any evidence that his condition impairs his ability to function in the prison or to provide self-care. Indeed, according to a document Williams attached to his Motion, he is classified as a Care Level 1 "healthy or simple chronic care" inmate. (Doc. 42-

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

3

1, BOP Progress Report). And obesity is not an extraordinary condition. According to the CDC, as of 2017-2018, 42.4% of the adult population in the United States was obese.[4] Many courts have concluded that obesity, including in the context of Covid-19, is not an extraordinary and compelling reason for compassionate release. See, e.g., United States v. Rind, 837 F. App'x 740, 742–44 (11th Cir. 2020) (affirming district court's denial of compassionate release, where 64-year-old defendant had been diagnosed with obesity, hypertension, and type 2 diabetes, because defendant's conditions did not appear to be sufficiently acute to constitute extraordinary and compelling circumstances); United States v. Hammonds, No. 8:14-cr-406-T-60TGW, 2020 WL 5526406, at *1, 2 (M.D. Fla. Sept. 15, 2020) (concluding that 47-year-old defendant's conditions of obesity, hyperlipidemia, and hypertension, in conjunction with Covid-19, were not extraordinary and compelling circumstances). Thus, Williams's alleged obesity does not support compassionate release.

Williams also seeks compassionate release because he has a son in foster care. Williams says his son, Khaliq Williams, "is only 4 years old [and] is in foster care due to my incarceration." Motion at 3.[5] Williams states that he wishes to help raise his son so that his son will not follow the same path that

---

[4]   https://www.cdc.gov/obesity/data/adult.html.

[5]   According to the PSR, Williams has seven other children, who were then between the ages of 3 and 23 years old. (Doc. 26, PSR at ¶¶ 72-79).

Williams did. The Court admires Williams's desire to raise and care for his child. However, according to the 2019 PSR, Khaliq Williams resided with Khaliq's mother, Natalie Charles, and it does not appear that Williams was Khaliq's primary caregiver in the first instance. See PSR at ¶ 80. Williams neither explains how, nor provides any evidence that, Ms. Charles ceased to be Khaliq's primary caregiver. Moreover, unfortunately, it is not uncommon that a defendant's children or dependents must be placed in the care of other people as a consequence of the defendant's conviction. As such, this is not an extraordinary circumstance. There is also no indication that Williams's son is not receiving adequate care at the moment. Accordingly, Williams has not demonstrated extraordinary and compelling circumstances.[6]

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Williams is serving a 51-month term of imprisonment for possession with intent to distribute cocaine and possession of a firearm by a convicted felon. Prior to the instant offense, Williams compiled a criminal record that included three convictions for the possession of cocaine, PSR at ¶¶ 33, 34, 36, three convictions for domestic

---

[6] The Court recognizes there is a split of authority over whether U.S.S.G. § 1B1.13 applies to defendant-initiated motions for compassionate release. See, e.g., United States v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

battery or felony domestic battery, id. at ¶¶ 41, 45, 46, a conviction for aggravated domestic assault with a firearm and possession of a firearm by a convicted felon, id. at ¶ 46, and a prior federal conviction for four counts of distributing crack cocaine, id. at ¶ 49. It is important that Williams fulfill his 51-month term of imprisonment to afford adequate deterrence and to promote respect for the law. The Court commends Williams for his desire to better himself. However, in view of all the § 3553(a) factors, reducing Williams's sentence is not warranted at this time.

Accordingly, Defendant Khalaf Williams's Motion for Compassionate Release (Doc. 42) is **DENIED**. Williams's Motion to Appoint Counsel (Doc. 43) is likewise **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921-22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of April, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel of record
Defendant